IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRANDON S. KILLORAN,**

      **Plaintiff,**

  v.

                              Civil Action 2:25-cv-344
                              District Judge Algenon L. Marbley
                              Magistrate Judge Kimberly A. Jolson

**DONALD LEWIS MASON, et al.,**

      **Defendants.**

## OPINION & ORDER

Defendants Kelly Cotrill and Mark Fleegle's Motion to Stay Discovery (Doc. 29) is before the Court. The Motion is **GRANTED**. Discovery in this matter is stayed until the Court adjudicates Defendants' dispositive motions (Docs. 7, 17, 32).

**I. BACKGROUND**

On April 3, 2025, Plaintiff, who proceeds *pro se*, initiated this action against the Mayor of Zanesville, Ohio, Donald Lewis Mason; Muskingum County Court of Common Pleas Judges Kelly Cotrill and Mark Fleegle; former Zanesville public safety director Douglas J. Merry; Zanesville Police Department detective Shawn Thomas Porter; and Muskingum County assistant prosecutor Michael T. Hughes. (*See generally* Doc. 2).

Plaintiff's allegations are somewhat vague. As best the Court can tell, in 2020, Plaintiff repeatedly called local law enforcement in Zanesville, Ohio, to report a noise. (*Id.* at 3). In response, Defendant Mason sent him the name of the Zanesville public safety director, Defendant Merry, and told Plaintiff, "I am going to have your issue as a priority for him." (*Id.*). However, Plaintiff alleges Defendant Merry did not act upon his noise complaints. (*Id.*). Plaintiff continued to report the noise to law enforcement up through at least 2021. (*Id.*).

Around that same time, Plaintiff initiated a civil lawsuit in the Muskingum County Court

of Common Pleas against Morgan, Merry, and Defendant Porter, presumably about his noise complaints. (*Id.*). While the case was ongoing, Defendant Porter threatened Plaintiff, stating "[w]e will kill you if you don't drop the lawsuit and stop calling about the noise." (*Id.* at 4). About a week later, Porter and other police officers "ambushed" Plaintiff in his garage. (*Id.*).

In June 2021, Plaintiff was charged with crimes in the Muskingum County Court of Common Pleas. (*Id.*; *see also* Doc. 9 (Defendant Mason, Merry, and Porter's answer stating Plaintiff was charged with and convicted of obstructing official business and telecommunication harassment)). Judge Fleegle originally presided over the case, but when he recused himself, Judge Cottrill was assigned. (Doc. 2 at 4). Plaintiff faults both Judges for not dismissing his criminal case outright. (*Id.*). He separately contends Judge Cottrill and assistant prosecutor Defendant Hughes violated federal law by allowing the "fraudulent" case to proceed. (*Id.*).

For these alleged wrong, Plaintiff brings a sundry of claims, including violations of 42 U.S.C. § 1983; 28 U.S.C. § 454; 18 U.S.C. § 2331(5); and 18 U.S.C. § 1961; as well as breach of contract, entrapment, threatening and intimidation, aggravated assault, obstruction of justice; intimation of a witness, conspiracy, and fraud under Ohio law. (Doc. 2 at 5–11). As relief, Plaintiff seeks $550,000,000 in compensatory damages, $300,000,000 in punitive damages, and a Court ordered investigation into Defendants. (*Id.* at 11–12).

In response to Plaintiff's Complaint, all Defendants filed dispositive motions. (*See* Doc. 7 (Defendant Hughes's motion to dismiss); Doc. 17 (Judges Cotrill and Fleegle's motion for judgment on the pleadings); Doc. 32 (Defendants Mason, Merry, and Porter's motion for judgment on the pleadings)). Now, Judges Cotrill and Fleegle (the "Muskingum Judges") ask the Court to stay discovery while their motion for judgment on the pleadings pends. (Doc. 29). Plaintiff filed a proposed order denying the motion to stay, which the Court construes as his response. (Doc.

30).[1]  This matter is ripe for consideration.

**II.  STANDARD**

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted).  As is the case here, parties often file motions to stay discovery while dispositive motions are pending.  *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss").  Generally, courts are reluctant to stay discovery in such a situation.  *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery" (quotation marks and citation omitted)).

However, in "special circumstances," a court may find a stay is appropriate.  *Shanks*, 2009 WL 2132621, at *1.  Most notably, a discovery stay may serve the interests of judicial economy where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Id.* (citations omitted).  Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Library Bd. of*

---

[1] The second filing Plaintiff titled his response hardly addresses Defendant's motion to stay at all.  (*See* Doc. 31 (filed as a response in opposition to the motion to stay and a memorandum in further support of summary judgment)).  Rather, it contains Plaintiff's philosophical musings and is not an appropriate filing under the Local Rules.  S.D. Ohio Civ. R. 7.2 (noting no additional memoranda beyond those enumerated are permitted except upon leave of court).

3

*Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). At base, courts have "broad discretion . . . to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999).

### III. DISCUSSION

The Muskingum Judges ask the Court to stay discovery for two reasons. First, the Judges' pending dispositive motion is premised largely on immunity defenses. (Doc. 29 at 1, 3). Second, Plaintiff's Complaint fails to meet minimum pleading requirements and will surely be dismissed. (*Id.*). For his part, Plaintiff argues the Judges' motion for judgment on the pleadings lacks merit. (Doc. 30 at 1). He further asserts Defendants generally would not "be harmed by submitting to discovery now." (*Id.*). The Court disagrees with Plaintiff's assessment and finds a stay is appropriate.

The Judges' motion for judgment on the pleadings asks the Court to dismiss Plaintiff's case against them based on, among other doctrines, judicial immunity and Eleventh Amendment immunity. (*See generally* Doc. 17). Notably, the immunities asserted do not block only certain forms of relief; they afford the Muskingum Judges immunity from suit entirely. *See, e.g.*, *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.); *Reyst v. Lanis*, No. 06-15468, 2007 WL 1544394, at *2 (E.D. Mich. May 25, 2007) (staying discovery pending resolution of Eleventh Amendment immunity questions). This means that immunity is a threshold question that must be answered before the doors of discovery are unlocked. *Bradley v. Hallworth*, No. 1:09-cv-1070, 2010 WL 2231820, at *1 (W.D. Mich. June 1, 2010) ("A stay of discovery is properly granted until the issue of immunity is resolved." (citing *Siegert v. Gilley*, 500 U.S. 226, 231 (1991))); *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (saying the court "must stay discovery" until immunity issues are

4

resolved). While Plaintiff argues against the applicability of these immunities (Doc. 30 at 2), those are questions more appropriately addressed in the Court's ruling on the dispositive motion—not on a motion to stay discovery.

What's more, beyond generally asserting "the potential for delay and prejudice," Plaintiff does not explain why staying discovery would prejudice him. (Doc. 30 at 1). On the other hand, conducting discovery would prejudice the Muskingum Judges. If forced to engage in discovery, the Muskingum Judges will expend resources on litigation that may not proceed if the Court finds they are entitled to immunity. Therefore, the balance of hardships weighs decidedly in favor of staying discovery here. *See, e.g.*, *Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (saying district courts must "exercise its discretion so that [immune] officials are not subjected to unnecessary and burdensome discovery").

Judicial economy also weighs in favor of staying discovery, since potentially all of Plaintiff's claims against the Muskingum Judges are subject to immunity defenses. *Cf. Gilligan v. Hocking Cnty.*, No. 2:23-cv-625, 2024 WL 957751, at *3 (S.D. Ohio Mar. 6, 2024) (finding discovery could proceed on some claims, since immunity did not apply to those allegations).

Consequently, the Court finds that discovery should be stayed until the Muskingum Judges' dispositive motion is adjudicated. Further, the Court notes the interrelated nature of Plaintiff's claims (*see* Doc. 2 (alleging several claims against "Defendants" collectively)), and the similar arguments presented in all three of Defendants' pending dispositive motions. (*See, e.g.*, Doc. 7 (alleging Defendant Hughes is entitled to absolute prosecutorial immunity or qualified immunity); Doc. 32 (alleging Plaintiff fails to state a claim as to Defendants Mason, Merry, and Porter for most claims asserted and others are barred by qualified immunity)). For these reasons, the balance of hardships and judicial economy also favors the Court exercising discretion to stay all discovery

in this case until all three of Defendants' dispositive motions are resolved.  (*See* Docs. 7, 17, 32).

Therefore, the Court **GRANTS** Defendants' Motion.  (Doc. 29).  All discovery in this action is **STAYED** pending the Court's rulings on Defendants' pending dispositive motions. (Docs. 7, 17, 32).

Finally, the Court **WARNS** Plaintiff that his filings must conform to the Federal and Local Rules of procedure.  The Court can and will strike filings that contravene these rules or are otherwise successive, frivolous, or malicious.  Plaintiff is **ADVISED** to read the Southern District of Ohio's Guide for *Pro Se* Litigants found at: https://www.ohsd.uscourts.gov/pro-se-handbook. He should pay particular attention to pages 13 and 14, which discuss Court filings.

### IV. CONCLUSION

For the foregoing reasons, Defendants Cotrill and Fleegle's Motion to Stay Discovery (Doc. 29) is **GRANTED**.  The Court **STAYS** all discovery in this action until the Court adjudicates Defendants' dispositive motions (Docs. 7, 17, 32).

IT IS SO ORDERED.


Date:   June 11, 2025                  /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE