# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRANDON S. KILLORAN, | : |
| Plaintiff, | : Case No.: 2:25-cv-344 |
| v. | : Judge Algenon L. Marbley |
| DONALD LEWIS MASON, *et al.*, | : Magistrate Judge Kimberly A. Jolson |
| Defendants. | : |

## OPINION & ORDER

Before this Court are Defendant Michael T. Hughes's Motion to Dismiss (ECF No. 7); Plaintiff Brandon Killoran's Motions: to Strike (ECF Nos. 12, 22, 23); for Summary Judgement (ECF Nos. 13, 20); for Injunction (ECF Nos. 14, 19); for Sanctions (ECF No. 15, 21); Defendants Kelly J. Cottrill and Mark C. Fleegle's Motion for Judgement on the Pleadings (ECF No. 17); and Defendants Donald Lewis Mason, Douglas J. Merry, and Shawn Thomas Porter's Motion for Judgement on the Pleadings (ECF No. 32).

For the following reasons, Defendant Michael T. Hughes's Motion to Dismiss (ECF No. 7), Defendants Kelly J. Cottrill and Mark C. Fleegle's Motion for Judgement on the Pleadings (ECF No. 17), and Defendants Donald Lewis Mason, Douglas J. Merry, and Shawn Thomas Porter's Motion for Judgement on the Pleadings (ECF No. 32) are **GRANTED.** Additionally, all of Killoran's Motions (ECF Nos. 12, 13, 14, 15, 19, 20, 21, 22, 23) are **DENIED.**

## I. BACKGROUND

On April 3, 2025, Plaintiff, Brandon Killoran, who proceeds *pro se*, initiated this action against the Mayor of Zanesville, Ohio, Donald Lewis Mason; Muskingum County Court of

Common Pleas Judges Kelly Cotrill and Mark Fleegle ("the Judges"); former Zanesville public safety director Douglas J. Merry; Zanesville Police Department detective Shawn Thomas Porter; and Muskingum County assistant prosecutor Michael T. Hughes. (*See* generally ECF No. 2). Killoran's allegations arise out of various noise complaints he made to law enforcement and the response of Defendants to such complaints. (*Id.*). Specifically, Killoran repeatedly called local law enforcement in Zanesville, Ohio, to report a noise. (*Id.* at 3). In response, Defendant Donald Mason sent him the name of the Zanesville public safety director, Defendant Douglas Merry, and told Killoran, "I am going to have your issue as a priority for him." (*Id.*). Killoran attests that Mason's conveyance constituted "entrapment" as it led him to continue calling each time the noise was present and to believe that local law enforcement would investigate such complaints. (*Id.*).

Killoran further alleges that Defendant Merry did not act upon his noise complaints, which, in Killoran's view, violated a contract established by Mason's assurance that Merry would handle his concerns. (*Id.*). Plaintiff continued to report the noise to law enforcement through at least 2021. (*Id.*). Around that same time, Killoran initiated a civil lawsuit in the Muskingum County Court of Common Pleas against Defendants Morgan, Merry, and Porter (*Id.*). Killoran alleges that on or around June 4, 2021, and while the Muskingum County civil case was ongoing, Defendant Porter threatened Killoran at his house stating "[w]e will kill you if you don't drop the lawsuit and stop calling about the noise." (*Id.*). Killoran immediately reported the altercation to the police. (*Id.* at 4). Subsequently, on June 15, 2021, Killoran alleges that Defendant Porter and other Zanesville police officers "ambushed" him in his garage and threatened him for filing the Muskingum County civil suit against Defendants Morgan, Merry, and Porter. (*Id.*).

On June 24, 2021, Killoran was charged and indicted with obstructing official business and telecommunications harassment in the Muskingum County Court of Common Pleas. (*Id.*; *see also*

ECF No. 9-4 (Defendant Mason, Merry, and Porter's Answer stating Plaintiff was charged with and convicted of obstructing official business and telecommunication harassment)). Judge Fleegle originally presided over the criminal case, but when he recused himself, Judge Cottrill was assigned. (ECF No. 2 at 4). Plaintiff faults both Judges for not dismissing his criminal case outright. (*Id.*). He separately contends Judge Cottrill and assistant prosecutor Hughes violated federal law by allowing the "fraudulent" case to proceed. (*Id.* at 5). Moreover, Killoran asserts that Judge Cottrill "chose to practice law from the bench" impermissibly. (*Id.*).

For these alleged wrongs, Killoran brings various claims, including violations of 42 U.S.C. § 1983; 28 U.S.C. § 454; 18 U.S.C. § 2331(5); and 18 U.S.C. § 1961; as well as breach of contract, entrapment, threatening and intimidation, aggravated assault, obstruction of justice; intimation of a witness, conspiracy, and fraud under Ohio law. (ECF No. 2 at 5–11). As relief, Plaintiff seeks $550,000,000 in compensatory damages, $300,000,000 in punitive damages, relief from the state court judgement against him, and a Court ordered investigation into Defendants. (*Id.* at 11–12).

In response to Killoran's Complaint, all Defendants have filed dispositive motions. (*See* ECF No. 7 (Defendant Hughes's Motion to Dismiss); ECF No. 17 (Defendants Judge Cotrill and Judge Fleegle's Motion for Judgment on the Pleadings); ECF No. 32 (Defendants Mason, Merry, and Porter's Motion for Judgment on the Pleadings)).

Accordingly, Judges Cottrill and Fleegle requested that this Court stay discovery while their Motion for Judgment on the Pleadings pends. (ECF No. 29). On June 11, 2025, this Court granted Judge Cottrill and Judge Fleegle's request noting that judicial economy weighed in favor of a stay given that immunity defenses may bar Killoran's claims. (ECF No. 33 at 5). As such, discovery has been stayed pending this Court's ruling on the pending dipositive motions (ECF Nos. 7, 17, 32).

Killoran has also filed various other Motions: (1) to Strike (ECF Nos. 12, 22, 23); (2) for Summary Judgement (ECF Nos. 13, 20); (3) for Injunction (ECF Nos. 14, 19); and (4) for Sanctions (ECF No. 15, 21). This Court now considers Defendant Michael T. Hughes's Motion to Dismiss (ECF No. 7), the Defendants' Motions for Judgment on the Pleadings (ECF Nos. 17, 32), and Killoran's nine other pending Motions (ECF Nos. 12, 13, 14, 15, 19, 20, 21, 22, 23) as they are ripe for review.

## II.  STANDARD OF REVIEW

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating such a motion, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). But the court "need not ... accept unwarranted factual inferences." *Id.* Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim to relief must be "'plausible on its face,'" with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955).

## B. Motion for Judgment on the Pleadings

When a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is based on the argument that the complaint fails to state a claim upon which relief may be granted, the Court employs the same legal standard as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) ("Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, we must apply the standard for a Rule 12(b)(6) motion"). The Court will grant the Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks omitted). The Court must construe "all well-pleaded material allegations of the pleadings of the opposing party . . . as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* at 581 (internal quotation marks omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Additionally, a party may move for judgment on the pleadings based on lack of subject-matter jurisdiction under Rule 12(b)(1). When a district court's subject-matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Normally, dismissal under Rule 12(b)(1) is not on the merits. *Id.* at 917.

Lastly, the pleadings of a *pro se* litigant are held to "less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. LAW AND ANALYSIS

This Court now reviews Defendants' pending dispositive motions and Killoran's pending motions. To begin, this Court addresses Killoran's two Motions for Summary Judgement. Second, this Court assesses Defendant Michael T. Hughes's Motion to Dismiss. Third, this Court analyzes both Motions for Judgement on the Pleadings. Finally, this Court considers Killoran's remaining motions.

#### A. Killoran's Motions for Summary Judgment

On May 8, 2025, Killoran filed a motion for summary judgement (ECF No. 13) under Federal Rule of Civil Procedure 56 against all Defendants. Less than a month later, on May 23, 2025, Killoran filed a virtually identical motion for summary judgment against Defendants Judge Cottrill and Judge Fleegle. (ECF No. 20). The Sixth Circuit has held that a "grant of summary judgment, 'absent *any* opportunity for discovery,' is an abuse of discretion." *Moore v. Shelby County, Ky.*, 718 Fed. App'x 315, 320 (6th Cir. 2017) (quoting *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994)). At the time of his filings, not all Defendants had an opportunity to file an answer nor had any discovery commenced between the parties. As the case stands now, all discovery is stayed pending this Court's resolution of the Defendants' pending dispositive motions. (ECF No. 33). Accordingly, this Court **DENIES** Killoran's Motions for Summary Judgment as premature. (ECF Nos. 13, 20).

#### B. Defendant Michael T. Hughes's Motion to Dismiss

Defendant Hughes moves for dismissal on five grounds: (1) Killoran fails to state a claim for which relief can be granted; (2) all of Killoran's claims are barred by the applicable statute of limitations; (3) to the extent Hughes is sued in his personal capacity he is entitled to qualified immunity and absolute prosecutorial immunity; (4) to the extent Hughes is sued in his official

6

capacity, he is entitled to sovereign immunity under the Eleventh Amendment; and (5) to the extent Killoran seeks a review of the prior state-court decisions he cites by this Court, such review is barred by the *Rooker-Feldman* doctrine. (ECF No. 7 at 1).

In his Complaint, Killoran contends that Defendant Michael Hughes, Muskingum County Assistant Prosecutor, violated due process in his handling of the Muskingum County criminal case against Killoran by pushing a fraudulent criminal case against him, ignoring filings and exculpatory facts, failing to investigate, and knowingly obfuscating facts from the jury. (*Id.* at 5, 7). Additionally, Killoran asserts that Hughes was aware of the civil case involving Killoran and Defendant Porter, as well as the threats made by Porter in retaliation for Killoran filing his civil lawsuit yet still proceeded with prosecution of Killoran. (*Id.* at 5).

At the outset, Killoran fails to state a Fifth Amendment due process claims because he fails to allege any action by the federal government.[1] *See Vo v. Ohio Dept. of Job & Family Services*, 2021 WL 6033681, at *6 (S.D. Ohio Dec. 21, 2021) (holding the Fifth Amendment only limits federal government action). Defendant Hughes is an Ohio county prosecutor, acting in his official capacity, and accordingly is a state actor who cannot be held liable under the Fifth Amendment. *Green v. Paley*, 2024 WL 3890693, *5 (S.D. Ohio Aug. 21, 2024) (citation omitted) ("The Sixth Circuit has determined that city [and county] prosecutors are state actors when prosecuting violations of Ohio law."). Such claims against state actors may be brought under the Fourteenth Amendment; however, Killoran brings no such claim against Hughes. *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) ("The Fourteenth Amendment's Due Process Clause restricts the activities of the states and their instrumentalities; whereas the Fifth Amendment's Due Process

---

[1] Killoran also asserts a due process violation under the Fifth Amendment against Muskingum County Court of Common Pleas Judges Fleegle and Cottrill. (ECF No. 2 at 7). Accordingly, this Court must also dismiss Killoran's due process claims against the Judges who are state actors and therefore cannot be held liable under the Fifth Amendment.

7

Clause circumscribes only the actions of the federal government."). Additionally, even if Killoran had brought his claims against Hughes in his personal capacity under the Fourteenth Amendment, his claims would still be barred by absolute prosecutorial immunity for conduct "intimately associated with the judicial phase of the criminal process," including the initiation and prosecution of a case. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Manetta v. Macomb Cty. Enf't Team*, 141 F.3d 270, 274 (6th Cir. 1998); *Green*, 2024 WL 3890693 at *5 (finding that a county prosecutor is immune for the initiation and prosecution of a case even when acting impermissibly or maliciously).

Because Killoran only names Hughes in Count V, his due process claim under the Fifth Amendment, Hughes's Motion to Dismiss the Complaint (ECF No. 7) is **GRANTED.**

C. **Defendants Judge Mark Fleegle and Judge Kelly Cottrill's Motion for Judgment on the Pleadings**

Defendants Judge Fleegle and Judge Cottrill contend that they are entitled to judgment on the pleadings because: (1) this Court lacks subject matter jurisdiction over Killoran's claims pursuant to the *Rooker-Feldman* doctrine; (2) they are entitled to immunity under the Eleventh Amendment; and (3) they are entitled to absolute judicial immunity. (ECF No. 17).

1. *Rooker-Feldman Doctrine*

First, the Judges contend that Killoran's Complaint is barred for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine stems from two Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). 28 U.S.C. § 1257(a) is designed "to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking review of a state-court decision." *Kovacic v.*

*Cuyahoga Cty. Dept. of Children and Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010). Specifically, the statute provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." *Id*. at 308–09. "The *Rooker-Feldman* doctrine, as it has become known, is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts." *Id*. at 309. The doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).

Here, Killoran seeks relief from this Court for the Judges involvement in his aforementioned civil and criminal Muskingum County Common Pleas court cases. Specifically, Killoran alleges that in presiding over these cases, the Judges violated his due process rights, and requests this Court order a full investigation of the matter and provide relief from the "void" judgment. (ECF No. 2 at 11). Killoran contends that the Judges should have dismissed his criminal case outright knowing that the charges against him were retaliatory. (*Id.* at 4). He additionally contends Judge Cottrill violated federal law by allowing the "fraudulent" case to proceed and "chose to practice law from the bench" impermissibly. (*Id.* at 5).

Accordingly, the *Rooker-Feldman* doctrine prohibits this Court from entertaining Killoran's claims to the extent that he attempts to void the state court judgment against him. This Court may not aid Killoran in circumventing a sound judgment from a state court, because granting such a relief would effectively "undo" the state-court judgment. As highlighted by the Judges, such appeals must be made via the mechanism of the state appellate courts, yet Killoran has not availed

himself of this remedy. *See Dates v. HSBC*, 721 F. Supp. 3d 616, 626 (S.D. Ohio 2024) (finding that a plaintiff who believes a state court erred in its judgment must pursue such belief in state court). In his response (ECF No. 23), Killoran fails to address subject matter jurisdiction or the *Rooker-Feldman* doctrine entirely. Accordingly, the Rooker-Feldman doctrine bars this Court from granting Killoran the relief of declaring the state court judgment void. Additionally, this Court cannot grant relief based on Killoran's claim that the Judges should have dismissed his case, as such a claim is "inextricably intertwined" with the state court decision and asserts that the Judges wrongly decided the issues before them. *McCormick v. Braverman*, 451 F.3d 382, 391 (6th Cir. 2006). It is of note however, that the doctrine only bars claims to the extent that the source of the injury is the state court decision itself. *Id.* at 393. Thus, Killoran's claim that Judge Cottrill practiced law from the bench is not barred by the *Rooker-Feldman* doctrine, but it still fails for the immunity reasons discussed below.

### 2. *Eleventh Amendment Immunity and Absolute Judicial Immunity*

Next, the Judges contend that as to any argument that they are liable for their handling of the state court cases, Killoran's claims are barred by the Eleventh Amendment and absolute judicial immunity. (ECF No. 17 at 4–6). This Court finds that to the extent Killoran seeks to hold the Judges liable in their official capacity, his claims are barred by the Eleventh Amendment. The Sixth Circuit has held that state court judges acting in their official capacity are entitled to immunity under the Eleventh Amendment which bars suits against states and their agencies in federal court. *Nyamusevya v. Ohio*, 2025 WL 2625291, at *4 (S.D. Ohio Sept. 11, 2025). Accordingly, Killoran's official-capacity claims against the Judges for retrospective relief are barred.

Further, to the extent that the Judges are sued in their individual capacities, they are entitled to judicial immunity for acts performed while performing judicial functions. *Id.* at *5. In order to overcome judicial immunity, a plaintiff must demonstrate that the judge was performing a non-judicial act. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004).

Here, Killoran contends that Judge Cottrill entered a "not guilty" plea in open court, and that both Judges violated due process in the handling of his case by failing to dismiss the case outright and "ignoring filings and exculpatory facts." (ECF No. 2 at 7). Accordingly, Killoran's claims that Judges mishandled his cases may not stand as the "complained-of conduct fits within their capacities as judges and the conduct [was] judicial in nature." *Brown v. O'Connor*, 2024 WL 1297676, *4 (S.D. Ohio Mar. 27, 2024). Killoran makes no assertion that the Judges engaged in conduct that exceeded their jurisdiction or was outside the scope of their traditional judicial function. Rather, Killoran seemingly takes issue with Judges merely presiding over the case. Further, Killoran's vague allegations fail to demonstrate how Judge Cottrill entering a "not guilty plea" constituted a violation of the law or was a non-judicial act. Accordingly, the Judges are entitled to immunity under the Eleventh Amendment and absolute judicial immunity.

For the reasons stated above, all of Killoran's claims against the Judges (Counts IV, V to the extent asserted against them) are hereby **DISMISSED**.

### D. City of Zanesville Defendants' Motion for Judgment on the Pleadings

Defendants Mason, Merry, and Porter ("the City Defendants") contend that they are they are entitled to judgment on the pleadings because: (1) Killoran fails to state a claim for which relief can be granted for various Counts; (2) Killoran's due process claims are barred by the statute of limitations; (3) Killoran asserts various claims as to which there is no private cause of action; (4) Killoran attempts to bring claims under various inapplicable statutes; and (5) Defendants Merry

and Mason are entitled to qualified immunity and individual immunity under Ohio Revised Code § 2744.02(A)(6).

### 1. *Section 1983 Claim*

First, the City Defendants contend that Killoran's due process claim (Count V) and his deprivation of rights under the color of law claim (Count VI) are barred by the statute of limitations. (ECF No. 32 at 3). As this Court acknowledged above, Killoran's Fifth Amendment due process claim is legally deficient as to any defendant in this matter because it only applies to actions of the federal government. *See supra*, Section. III. B. Additionally, however, Killoran's § 1983 claim is time-barred by the two-year statute of limitations for § 1983 claims as set by Ohio law. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). While Ohio law determines the statute of limitations, federal law determines the date of accrual. *Ruiz-Bueno v. Maxim HealthCare Servs.*, 659 Fed. App'x 830, 833 (6th Cir. 2016). The statute of limitations begins to run when a person "knows or has reason to know that the act providing the basis of her injury has occurred." *Id.* (citation omitted).

Killoran asserts that he was threatened verbally by Detective Porter on June 4, 2021, and subsequently ambushed by Porter and the Zanesville police on June 15, 2021. (ECF No. 2 at 4). Further, he contends that Porter's acts were authorized by Defendants Mason and Merry. (*Id.*). Thus, Killoran became aware at the latest on June 15, 2021, that his alleged injury at the hands of the City Defendants had occurred. Killoran, however, did not file this Complaint until April 3,

2025, and accordingly his § 1983 claim (Count VI) is time-barred. Killoran's § 1983 claim against the City Defendants is hereby **DISMISSED with prejudice**.

### 2. *Conspiracy (Count X)*

The City Defendants also contend that Killoran's conspiracy claim fails as a matter of law (ECF No. 32 at 7). First, to the extent Killoran asserts a federal conspiracy claim under 42 U.S.C. § 1985, his claim is time-barred given the statute of limitations for civil conspiracy under § 1985 is also two years. *Roth v. President & Bd. of Trustees of Ohio Univ.,* 2010 WL 785349, *2 (S.D. Ohio Mar. 5, 2010). As mentioned above, his Complaint was filed well beyond two years of the accrual date for his claims. *See supra,* Section III.D.1. Even giving Killoran the benefit of the doubt that he did not have reason to know of the alleged conspiracy until after he was criminally indicted on June 24, 2021, or convicted, on September 15, 2021, his claims are still too late. (ECF No. 9-4).

Additionally, Killoran asserts that the City Defendants' actions violated Ohio Revised Code § 2923.01, 18 U.S.C. § 371, and 18 U.S.C. § 241. (ECF No. 2 at 9). Ohio Revised Code § 2923.01 is a criminal conspiracy statute that does not criminalize the alleged conduct of conspiring to intimidate someone from testifying or participating in a lawsuit. *See* O.R.C. § 2923.01(A). Further, 18 U.S.C. § 371, makes it illegal to defraud the United States government, and thus cannot afford Killoran any relief. Finally, Killoran's claim under 18 U.S.C. § 241 is barred because it is a criminal statute for which there is no private cause of action. *Chapman v. Franklin Cnty. Bd. of Commrs.*, 2024 WL 4501032, *5 (S.D. Ohio Oct. 16, 2024). ("18 U.S.C. §§ 241 and 242 do not provide for relief through a civil suit."). Accordingly, Killoran's conspiracy claims (Count X) are **DISMISSED with prejudice**.

### 3. Racketeering (Count XIV)

The City Defendants additionally maintain that Killoran fails to state a civil racketeering ("RICO") claim for which relief can be granted. (ECF No. 32 at 7). In order to prevail on a civil RICO claim, a plaintiff must demonstrate: (1) that a violation of 18 U.S.C. § 1962 has occurred; (2) that he has suffered an injury to his "business or property;" and (3) that his injury was proximately caused by the violation of § 1962. *See* 18 U.S.C. § 1964(c); *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *James v. Meow Media, Inc.*, 90 F. Supp.2d 798, 813 (W.D. Ky. 2000). In his pleadings, Killoran merely lists the definition for racketeering and asserts that "[d]efendants' actions constitute racketeering according to the definition." (ECF No. 2 at 11). Further, Killoran fails to plead any injury to his business or property. (*Id.*). Even construed liberally, Killoran's pleadings are insufficient to state a RICO claim. Accordingly, Killoran's civil RICO claim (Count XIV) is **DISMISSED with prejudice**.

### 4. Aggravated Assault in Violation of 18 U.S. Code § 113 (Count VII)

To the extent that Killoran attempts to bring an aggravated assault claim under 18 U.S.C. § 113, his claim is barred as the statute is a criminal statute that does not create a private right of action and, in any event, only applies to assaults which occur within the special maritime and territorial jurisdiction of the United States. 18 U.S.C. § 113(a). Accordingly, this claim is **DISMISSED with prejudice**.

### 5. Fraud in Violation of 18 U.S. Code § 1341 (Count XI)

To the extent Killoran attempts to bring a fraud claim under 18 U.S.C. § 1341, his claim is barred § 1341 is a criminal statute that likewise does not give rise to a private civil cause of action. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (holding that "[v]iolations of [the mail fraud statute] do not give rise to a private cause of action") (citations

omitted). Killoran's allegations make no reference to any such conduct by the City Defendants. Accordingly, this claim is **DISMISSED with prejudice**.

### 6. *Killoran's Remaining Claims*

A Court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction. *Mace v. City of Akron*, 989 F. Supp. 949, 961 (N.D. Ohio 1998). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, the remaining state claims should also be dismissed. *Id.* (citing *Taylor v. First of Am. Bank–Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992)). Because this Court has dismissed all federal claims against the City Defendants, the Court declines to exercise supplemental jurisdiction over Killoran's state law claims against the City Defendants. Additionally, even if this Court could exercise its jurisdiction over the remaining claims, Killoran's claims regarding entrapment (Count II), threatening and intimidation (Count III), obstruction of justice (Count VIII), intimidation of a witness (Count IX), involuntary servitude (Count XII), and domestic terrorism (XIII), must be dismissed because no private cause of action exists for any of the claims. (ECF No. 32 at 5).

Accordingly, Killoran's breach of contact claim (Count I), entrapment claim (Count II), threatening and intimidation claim (Count III), aggravated assault claim (Count VII), obstruction of justice claim (Count VIII), intimidation of a witness claim (Count IX), fraud claim (Count XI), involuntary servitude claim (Count XII), and his domestic terrorism claim (Count XIII) are all **DISMISSED with prejudice**.

### E. Killoran's Remaining Motions

#### 1. *Motions to Strike (ECF Nos. 12, 22, 23)*

Killoran has filed three separate motions to strike the Defendants' pleadings. (ECF Nos. 12, 22, 23). The Federal Rules of Civil Procedure provide that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) applies only to pleadings, *see* Fed. R. Civ. P. 7(a), and therefore does not provide a vehicle to strike motions or memoranda. Further, the Sixth Circuit has held that motions to strike "are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal citations omitted). Moreover, granting a motion to strike should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953).

First, in response to Defendant Michael Hughes's motion to dismiss (ECF No. 7) and the City Defendants' answer (ECF No. 9), Killoran filed a motion to strike the defendants' "pleadings." (ECF No. 12). Killoran also asserts that his motion (ECF No. 12) is an opposition motion to Hughes's motion to dismiss. (*Id.*). Here, Killoran seeks to strike Hughes's motion to dismiss and the City Defendants' answer citing that: (1) the evidence supporting Killoran's Complaint is a matter of public record; (2) the Defendants committed extrinsic fraud; and (3) "continuing the case to trial would cause Killoran distress, anxiety, and irreparable harm." (ECF No. 12 at 1).

Killoran asserts his motion to strike is supported by the fact that the Defendants' defenses are contrary to and unsupported by the public record. (*Id.* at 4). Killoran, however, does not specify which of Defendants' filings are misleading or unsupported. Further, while Killoran is entitled to challenge Defendants' defenses, a motion to strike is not the appropriate mechanism. In order to

grant a motion to strike, the insufficiency of the defense must be clearly apparent. *Joe Hand Promotions, Inc. v. Havens*, 2013 WL 3876176, *1 (S.D. Ohio July 26, 2013).

Additionally, Killoran's assertion that Defendants committed extrinsic fraud is non-specific and seemingly reasserts claims and allegations from Killoran's complaint. Killoran further contends that the Defendants committed fraud by raising sovereign and qualified immunity defenses to his claims. (*Id.*). While Killoran is within his right to make arguments as to why Defendants are not entitled to raise certain immunities, such immunity defenses are not so legally deficient that this Court would be justified in striking them. Finally, Killoran's assertion that continuing the case would cause him distress and anxiety is not a valid basis for this Court to strike.

On May 23, 2025, Killoran filed two additional and virtually identical motions to strike the Judges' answer to the Complaint (ECF No. 16) and the Judges' motion for judgement on the pleadings (ECF No. 17). (ECF Nos. 22, 23). The new motions contain the same arguments as Killoran's initial motion to strike plus an additional argument that the statutes of limitations relating to Killoran's claims should be tolled. (ECF Nos, 22, 23). This Court construes such arguments as opposition arguments to the Defendants' dispositive motions as opposed to a traditional motion to strike. In all, Killoran cites no case law and instead strings together vague arguments that do not point to specific portions of Hughes's motion to dismiss, the Defendants' answers, or the Judges' motion for judgment on the pleadings that warrant striking under Rule 12(f). Accordingly, Killoran's Motions to Strike are **DENIED.** (ECF Nos. 12, 22, 23).

### 2. *Motions for Injunction*

Given this Court has dismissed all of Killoran's claims in the dispositive motions above, this court has already determined that Killoran does not have a likelihood of success on the

17

merits, and he certainly cannot demonstrate actual success on the merits. Accordingly, Killoran's Motions for an Injunction are **DENIED as MOOT**. (ECF Nos. 14, 19).

### 3. *Motions for Sanctions*

Finally, this Court addresses Killoran's motions for sanctions against all Defendants and their counsel. (ECF Nos. 15, 21). Under Federal Rule of Civil Procedure 11, when a pleading is submitted to the court, a party or counsel certifies to the court that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Killoran contends he is entitled to sanctions because: (1) Defendants and their counsel committed extrinsic fraud; (2) the Defendants' filings are being used to intimidate and harass Killoran; and (3) the Defendants' conduct has caused significant distress, anxiety, and irreparable harm to the Plaintiff. (ECF Nos. 15, 21). Like in his motions to strike, Killoran again asserts conclusory allegations against Defendants and counsel that fail to demonstrate how Defendants' responsive pleadings and dispositive motions filed in this matter reflect an improper purpose.

Moreover, Killoran's vague assertions that Defendants' filings are misleading and fraudulent do not entitle this Court to provide him with relief. When a party takes issue with the other party's representation "essentially because it presents statements that are contrary to the evidentiary support Plaintiff provided with her own Motion," a court will not grant a motion for sanctions. *Zell v. Klingelhafer*, No. 2:13-cv-00458, 2015 WL 1299542, at *6 (S.D. Ohio Mar. 23, 2015). Further, this Court may not issue sanctions purely because the process of litigation causes a plaintiff stress and anxiety. Accordingly, Killoran's Motions for Sanctions are **DENIED** (ECF Nos. 15, 21).

## IV.     CONCLUSION

For the foregoing reasons, Defendant Michael T. Hughes's Motion to Dismiss (ECF No. 7), Defendants Kelly J. Cottrill and Mark C. Fleegle's Motion for Judgement on the Pleadings (ECF No. 17), and Defendants Donald Lewis Mason, Douglas J. Merry, and Shawn Thomas Porter's Motion for Judgement on the Pleadings (ECF No. 32) are **GRANTED**. Killoran's Motions for Injunction (ECF Nos. 14, 19) are **DENIED as moot**. Additionally, all of Killoran's remaining Motions (ECF Nos. 12, 13, 15, 20, 21, 22, and 23) are **DENIED**. This case is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                                                              _____
                                                                              **ALGENON L. MARBLEY**
                                                                              **UNITED STATES DISTRICT JUDGE**

**DATED: February 6, 2026**